UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORD MOTOR CREDIT COMPANY,

      Plaintiff,

  v.                              NO. CIV. S-04-2344 LKK/JFM

MICHAEL DAUGHERTY,

      Defendant.
_____/
AND RELATED COUNTER-CLAIM AND
THIRD-PARTY COMPLAINT.
_____/

    Pending before the court are two motions for summary judgment, one filed by plaintiff and counter-defendant, Ford Motor Credit Company ("Ford Credit"), and one filed third-party defendant Ford Motor Company, Lincoln Mercury Division ("Lincoln Mercury").

    In the underlying suit, Ford Credit brings two breach of guaranty claims against defendant Michael Daugherty ("Daugherty") regarding a wholesale agreement and a capital loan agreement and promissory note. Ford Credit asserts that Daugherty induced it to enter into these agreements by promising full payment, but that

1

Daugherty subsequently breached these guaranty agreements. Daugherty answered and filed a counterclaim against Ford Credit. Daugherty and Daugherty Lincoln-Mercury Inc. ("DLMI") also brought a third-party suit against Lincoln Mercury.[1]

# I.

# FACTS[2]

In 1999, Daugherty acquired a Lincoln Mercury dealership to be operated in Sacramento, California. Lincoln Mercury SUF 1. During the course of operations, DLMI entered into various financing arrangements with Ford Credit including an agreement for a capitalization loan and a separate agreement for wholesale flooring for DLMI's new vehicle inventory. Ford Credit SUF 4. In consideration of Ford Credit's agreement to finance DLMI's acquisition of vehicles, and to secure DLMI's obligations under the Wholesale Agreement owed to Ford Credit, DLMI granted Ford Credit a security interest in all vehicles. Ford Credit SUF 5. In 2001,

---

[1] The parties are well aware of the litigation history in this case. Rather than provide a long and detailed account of the litigation up to this point, the court incorporates by reference pages 2-3 of the court's February 23, 2006 order.

[2] Facts are undisputed unless otherwise noted. Although Daugherty and DLMI disputed some of the facts asserted by Ford Credit and Lincoln Mercury, Daugherty and DLMI failed to offer any evidence showing that there is a disputed fact. Instead, Daugherty and DLMI cited to their Fourth Amended Answer, Counterclaim and Third-Party Complaint. This pleading has not been verified. It is well established that a party opposing a motion for summary judgment may not rest upon allegations contained in a pleading. Rather, the party must present admissible evidence showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Because Daugherty and DLMI present no such evidence, the court accepts as true the facts set forth by Ford Credit and Lincoln Mercury.

2

DLMI became unable to meet its contractual payment obligations under the Wholesale Agreement and the Capital Loan Agreement to Ford Credit. Ford Credit SUF 7. In December 2001, DLMI ceased to conduct business and voluntarily surrendered the remaining nine vehicles in its inventory to Ford Credit. Ford Credit SUF 8.

As of February 28, 2002, DLMI owed Ford Credit a deficiency balance under the Wholesale Agreement of $108,093.25. Ford Credit SUF 11. Interest accrued at a variable rate as set forth in the Wholesale Agreement. Interest accrued on the principal balance from February 28, 2002, through March 31, 2006, in the aggregate sum of $43,925.84. Interest will continue to accrue at the contract rate until entry of judgment. SUF 12.[3] DLMI has paid no amount of these deficiency balances. Ford Credit SUF 13.

With respect to Lincoln Mercury, DLMI and Daugherty allege in their counterclaim that representatives of Lincoln Mercury made representations containing inflated estimates of potential sales of new Lincoln Mercury vehicles that DLMI could expect in the Sacramento market. Lincoln Mercury SUF 2. Daugherty claims that he relied upon the representations of Lincoln Mercury in making his decision to acquire the Lincoln Mercury dealership. Lincoln Mercury SUF 3.

DLMI and Daugherty allege that during several meetings, representatives from Lincoln Mercury re-confirmed the earlier

---

[3] Daugherty and DLMI object to Ford Credit's SUF 11 and 12, yet fail to offer any evidence that establishes that these specific facts are in dispute.

1  representations containing inflated estimates of potential sales
2  of new Lincoln Mercury vehicles that DLMI could expect to make in
3  the Sacramento market.  Lincoln Mercury SUF 8.  Daugherty claims
4  he relied upon those representations in ordering vehicles and DLMI
5  consequently became vastly overstocked with inventory.  Lincoln
6  Mercury SUF 9.  By June 2000, Daugherty and DLMI allege they had
7  over $7,600,000 in inventory, which they contend was
8  disproportionate to the normal inventory volume in the industry.
9  Lincoln Mercury SUF 10.

10      It is undisputed that in December of 2001 DLMI closed its
11 business and in January of 2001, Lincoln Mercury sent a letter to
12 DLMI notifying DLMI of its intent to terminate the franchise
13 agreement for failure to conduct business.  Lincoln Mercury SUF 11
14 and 12; Ford Credit SUF 8.  DLMI filed a protest with the
15 California New Motor Vehicle Board ("NMVB"), protesting the
16 proposed termination of its franchises.  Lincoln Mercury SUF 13.

**A.   THE DECISION OF THE NEW MOTOR VEHICLE BOARD**

18      An evidentiary hearing on the protest was held January 7 and
19 January 9, 2003 before an administrative law judge.  Lincoln
20 Mercury SUF 14.  The NMVB adopted the decision of the
21 administrative law judge on April 24, 2003.  Lincoln Mercury SUF
22 15.  The ALJ made several findings of fact.  First, the ALJ
23 determined that Daugherty did in fact order the additional cars to
24 sell (a fact DLMI contests in this litigation).  Specifically, the
25 ALJ concluded that there was no doubt that Daugherty was aware that
26 the vehicles were being ordered to be built and delivered and that

4

Daugherty not only desired them but required them in order to stay operational. NMVB Decision at 24. Second, the ALJ concluded that Lincoln Mercury had "established that Daugherty was not and is not conducting an adequate amount of business as compared to the business available to it." Id. at 26. The ALJ explicitly stated that "the cessation of business by Daugherty was not caused by conduct of representatives of Lincoln Mercury." Id at 27.

## II.

### STANDARD FOR MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); See also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Sicor Limited v. Cetus Corp., 51 F.3d 848, 853 (9th Cir. 1995).

Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary

judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); See also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Sicor Limited, 51 F.3d at 853.

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11; See also First Nat'l Bank, 391 U.S. at 289; Rand v. Rowland, 154 F.3d 952, 954 (9th Cir. 1998). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

of the suit under the governing law, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers</u>, 971 F.2d 347, 355 (9th Cir. 1992) (quoting <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, <u>Anderson</u>, 477 U.S. 248-49; <u>see also</u> <u>Cline v. Industrial Maintenance Engineering & Contracting Co.</u>, 200 F.3d 1223, 1228 (9th Cir. 1999).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to , 04-1993resolve the parties' differing versions of the truth at trial." <u>First Nat'l Bank</u>, 391 U.S. at 290; <u>See also</u> <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); <u>see also</u> <u>International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.</u>, 752 F.2d 1401, 1405 (9th Cir. 1985).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c); <u>See also</u> <u>In re Citric Acid Litigation</u>, 191 F.3d 1090, 1093

7

1  (9th Cir. 1999).  The evidence of the opposing party is to be
2  believed, see Anderson, 477 U.S. at 255, and all reasonable
3  inferences that may be drawn from the facts placed before the court
4  must be drawn in favor of the opposing party, see Matsushita, 475
5  U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654,
6  655 (1962) (per curiam)).  Nevertheless, inferences are not drawn
7  out of the air, and it is the opposing party's obligation to
8  produce a factual predicate from which the inference may be drawn.
9  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45
10 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).
11      Finally, to demonstrate a genuine issue, the opposing party
12 "must do more than simply show that there is some metaphysical
13 doubt as to the material facts. . . . Where the record taken as a
14 whole could not lead a rational trier of fact to find for the
15 nonmoving party, there is no 'genuine issue for trial.'"
16 Matsushita, 475 U.S. at 587 (citation omitted).

### III.

### ANALYSIS

19      Ford Credit and Lincoln Mercury move for summary judgment as
20 to all the remaining claims.  Ford Credit and Lincoln Mercury argue
21 that the applicable statutes of limitations bar each of the claims
22 raised by Daugherty and DLMI.  Ford Credit also argues that there
23 are no genuine issues of fact with respect to its breach of
24 guaranty claims against Daugherty.
25      Daugherty and DLMI oppose both motions for summary judgment
26 and argue that the existence of disputed facts preclude summary

judgment as to all the claims at issue.

As a threshold matter, the court notes that Daugherty and DLMI failed to tender any evidence of specific facts that would support their contentions that factual disputes remain. Although Daugherty and DLMI disputed several facts and factual conclusions alleged by the moving parties, they did not submit any declarations, depositions, or any other type of admissible evidence that would establish a disputed fact. DLMI and Daugherty only cite to their own Fourth Amended Answer and Counterclaim, and not to any admissible evidence. This is improper.

It is well established that:

> In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.

Fed. R. Civ. P. 56(e). Here, DLMI and Daugherty have not tendered any evidence of specific facts that support their contention that factual disputes exist. For this reason and for the reasons explained below, the court grants both motions for summary judgment.

**A.   CLAIMS PERTAINING TO FORD CREDIT**

   **1.   Claims brought by Ford Credit Against Daugherty**

Ford Credit brings two claims for relief against DLMI: breach of the wholesale agreement and breach of the capital loan agreement. With respect to both claims, Ford Credit alleges that DLMI and Ford Credit entered into two contracts, a wholesale

9

agreement as well as a capital loan agreement.  Ford Credit claims it performed all of its obligations under these agreements and DLMI breached the agreements by failing to pay Ford Credit according the terms of the agreements.

Daugherty and DLMI argue that "genuine issues of material fact" still remain.  Daugherty & DLMI Opp'n at 8:16.  Despite this statement, Daugherty and DLMI fail to tender any evidence that establishes that there is a genuine issue for trial.  To the extent that Daugherty and DLMI dispute Ford Credit's factual allegations, they cite only to their Fourth Amended Answer, an unverified pleading.  As discussed previously, a nonmoving party may not rest upon unverified allegations in its complaint as a grounds to defeat summary judgment.  See Fed. R. Civ. P. 56(e).

Moreover, Daugherty and DLMI fail to tender any evidence as to the affirmative defenses raised in their initial answer to Ford Credit's complaint.  It is well settled that a motion for summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "There can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

For these reasons, Ford Credit's motion for summary judgment as to its claims for breach of guaranty must be granted.

Case 2:04-cv-02344-LKK-JFM   Document 107   Filed 05/02/06   Page 11 of 15

### 2.   DLMI & Daugherty's claim against Ford Credit

Following the court's February 27, 2006 order, the only remaining claim against Ford Credit is a claim for negligent misrepresentation. Ford Credit argues that this claim is barred by the applicable statute of limitations. Daugherty and DLMI maintain that disputed facts remain.

Negligent misrepresentation is a form of fraud. Balfour, Guthrie & Co. v. Hansen, 227 Cal. App.2d 173, 192 (Cal. App. 1964). The applicable statute of limitations for a claim of fraud is three years. Cal. Civ. Proc. Code § 338. Under section 338, the cause of the action is deemed to have accrued when the aggravated party discovers the facts constituting the fraud or mistake. Id.

Ford Credit alleges DLMI and Daugherty should have known of the potential claim for fraud no later than June 2000. In June of 2000, the inventory of new vehicles at DLMI had risen to over $7,600,000, which was in excess of the $2,000,000 credit line amount from Ford Credit. See Decision of the NMVB at 15:24-28. Ford Credit claims that this was when DLMI and Daugherty should have discovered the facts constituting the fraud.

DLMI and Daugherty fail to address the statute of limitations issue in their opposition and instead argue that disputed facts remain as to the claim of negligent misrepresentation. Once again, however, Daugherty and DLMI fail to tender any evidence that supports their contention that disputed facts remain. Instead, Daugherty and DLMI cite to their Fourth Amended Answer and Counterclaim.

Since Daugherty and DLMI have failed to establish the existence of a disputed fact, the court accepts as true the facts tended by Ford Credit. Under the facts as presented by Ford Credit, DLMI and Daugherty should have discovered the alleged misrepresentation no later than June 2000. Therefor, DLMI and Daugherty had three years from June 2000 to file a claim for negligent misrepresentation. The claim for negligent misrepresentation was not raised until March 21, 2005, when DLMI and Daugherty filed their Second Amended Answer and Counterclaim. The claim is therefore barred under the applicable statute of limitations.

For this reason, Ford Credit's motion for summary judgment as to DLMI and Daugherty's claim for negligent misrepresentation must be granted.

**B.   CLAIMS PERTAINING TO LINCOLN MERCURY**

   **1.   Breach of Implied Covenant of Good Faith & Unfair Business Practices**

Daugherty and DLMI allege that Lincoln Mercury violated the covenant of good faith and fair dealing of the franchise agreements and engaged in unfair business practices when Lincoln Mercury made false representations as to the sales potential in the Sacramento area.[4] Lincoln Mercury argues that these claims are barred by the applicable statute of limitations. Daugherty and DLMI assert that the existence of disputed facts preclude summary judgement.

---

[4] These were the second and third claims in DLMI and Daugherty's second amended answer and counterclaim.

12

The applicable statue of limitations for both actions is four years. See Cal. Civ. Proc. Code § 337(1)(breach of implied covenant of good faith and fair dealing) and Cal. Bus. & Prof. Code § 17208 (unfair business practices). Lincoln Mercury argues that by DLMI's own factual allegations contained in their complaint, Daugherty and DLMI's claim accrued by June 2000. In June of 2000, DLMI was overstocked with an inventory of $7,600,000, far in excess of their 2,000,000.00 credit line.[5] At this point, Lincoln Mercury contends, DLMI should have been aware of the alleged misrepresentations made by Lincoln Mercury.

DLMI and Daugherty maintain that "what DLMI knew, and when it knew it, with regard to the instant claim has never been factually determined or litigated." Daugherty & DLMI Opp'n at 9:20-21. Once again, however, Daugherty and DLMI fail to tender any evidence that supports their contention that disputed facts remain.

Since Daugherty and DLMI failed to establish the existence of a disputed fact, the court accepts as true the facts tended by Lincoln Mercury. Under the facts as presented by Lincoln Mercury, DLMI and Daugherty should have discovered the alleged misrepresentation no later than June 2000. Therefore, DLMI and Daugherty had four years from June 2000 to file a claim for breach of implied covenant of good faith and fair dealing as well as a claim for unfair business practices. However, these claims were

---

[5] The fact that DLMI was overstocked in June of 2000 and was over the approved credit line is also verified in the decision of the Motor Vehicle Board.

13

not raised until January 6, 2005, when DLMI and Daugherty filed their First Amended Answer and Counterclaim. The claims are therefore barred under the applicable statute of limitations.

For this reason, Lincoln Mercury's motion for summary judgment as to DLMI's claim for breach of implied cotenant of good faith and fair dealing as well as for the claim of unfair business practices must be granted.

### 2.  **Misrepresentation-Deceit-Fraud & Negligent Misrepresentation**

Daugherty and DLMI allege that Lincoln Mercury misled DLMI as to the number of vehicles it could sell and that DLMI became a Lincoln Mercury dealer because of these misrepresentations.[6]

As discussed in section A (2) of this order, these claims are all a form of fraud. The applicable statute of limitations for a claim of fraud is three years. Cal. Civ. Proc. Code § 338. Under section 338, the cause of the action is deemed to have accrued when the aggravated party discovers the facts constituting the fraud or mistake. Id.

Lincoln Mercury alleges DLMI and Daugherty should have known of the potential claim for fraud no later than June 2000. In June of 2000, the inventory of new vehicles at DLMI had risen to over $7,600,000, which was in excess of the $2,000,000 credit line amount from Ford Credit. See Decision of the NMVB at 15:24-28.

////

---

[6] These constituted claims six and seven of Daugherty and DLMI's third answer and amended complaint.

14

1  Lincoln Mercury claims that this was when DLMI and Daugherty should
2  have discovered the facts constituting the fraud.
3       Daugherty and DLMI argue that there remain disputed issues of
4  fact as to the claims for fraud, and yet fail to tender any
5  evidence to support this contention.  For the reasons already
6  discussed, the court accepts as true the facts as set forth by
7  Lincoln Mercury.
8       The claim for misrepresentation-deceit-fraud was filed on
9  January 6, 2005 and the claim for negligent misrepresentation was
10 filed on March 21, 2005.  These claims are both, therefore, barred
11 under the applicable statute of limitations.  For these reasons,
12 Lincoln Mercury's motion for summary judgment with respect to the
13 claim for misrepresentation-deceit-fraud as well to the claim for
14 negligent misrepresentation must be granted.

## V.

## ORDERS

17   Ford Credit and Lincoln Mercury's motions for summary judgment
18 as to DLMI and Daugherty is GRANTED in full.  The Clerk is directed
19 to ENTER judgment accordingly and CLOSE the case.
20    IT IS SO ORDERED.
21    DATED:  May 1, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

15