1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  FORD MOTOR CREDIT COMPANY,

12          Plaintiff,

13      v.                          NO. CIV. S-04-2344 LKK/JFM

14  MICHAEL DAUGHERTY,

15          Defendant.
    _____/
16  AND RELATED COUNTER-CLAIM AND
    THIRD-PARTY COMPLAINT.
17  _____/

18      Pending before the court is plaintiff Ford Motor Credit

19  Company's motion for attorney fees and costs pursuant to California

20  Civil Code § 1717 and Rule 54 of the Federal Rules of Civil

21  Procedure.[1]  I decide the matter based on the papers and pleadings

22  _____

23       [1]  California Civil Code § 1717(a) provides:

24          where the contract specifically provides that attorney's
            fees and costs, which are incurred to enforce that
            contract, shall be awarded either to one of the parties
25          or to the prevailing party, then the party who is
            determined to be the party prevailing on the contract,
26          whether he or she is the party specified in the contract

                                 1

1  filed herein.

2                                    **I.**

3                                  **FACTS**

4       Ford Motor Credit Company, brought suit against defendant

5  Michael Daugherty for two breach of guaranty claims regarding a

6  wholesale agreement and a capital loan agreement and promissory

7  note.  Defendant answered, and along with third-party plaintiff

8  Daugherty Lincoln-Mercury, Inc. ("DLMI"), brought a counterclaim

9  against plaintiff as well as third-party defendant Ford Motor

10 Company, Lincoln Division.  The counterclaims alleged that

11 plaintiff breached the guaranty agreements, the covenant of good

12 faith and fair dealing, engaged in unfair business practices and

13 interfered with plaintiff's prospective business advantage.  A

14 number of the counterclaims were dismissed on February 21, 2006.

15 The court granted summary judgment in favor of plaintiff on all

16 claims on May 1, 2006.  Judgment in the amount of $505,217.67 was

17 entered on May 16, 2006.

18                                   **II.**

19                                **STANDARDS**

20      Where, as here, suit is based on California substantive law,

21 an award of attorneys' fees incurred in the suit is governed by

22 state law.  See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d

23 877, 883 (9th Cir. 2000).  Under California law, a prevailing party

24 is ordinarily not entitled to attorneys' fees unless the parties

25  ───────────────

26       or not, shall be entitled to reasonable attorney's fees
         in addition to other costs.

1  have previously agreed to the fees, or the fees are otherwise

2  provided by statute.  See Lerner v. Ward, 13 Cal.App.4th 155, 158

3  (1993) (citing, inter alia, Reynolds Metals Co. v. Alperson, 25

4  Cal.3d 124, 127-128 (1979)).

5       The two contracts at issue provided for attorneys' fees.  The

6  Capital Loan Agreement, which this court found defendant breached,

7  provides that:

8           If Borrower shall fail to make any payment or perform
            any act required by this Agreement or the Security
9           Documents, then Lender, without notice to or demand upon
            Borrower and without waiving or releasing any obligation
10          or default, may make such payment or perform such act
            for the account of and at the expense of Borrower.  All
11          sums so paid by Lender, and all costs and expenses,
            including, without limitation, reasonable attorney's
12          fees and expenses so incurred together with interest
            thereon . . . shall constitute additions to the
13          Indebtedness secured by the Security Documents, and
            shall be paid by Borrower to Lender, on demand.
14

15  Beyer Dec., Ex. C.  Furthermore, the guaranty on the capital loan

16  agreement provides that:

17          Guarantor agrees to pay reasonable attorneys' fees and
            expenses incurred by Lender in enforcement of the
18          Security Documents, including this Guaranty.

19  Beyer Dec., Ex. E.  It is clear that the contracts between the

20  parties include provisions allowing plaintiff to recover attorney

21  fees.

22       Both the federal and the California courts have adopted the

23  "lodestar" method for calculating attorney's fees.  Hensley v.

24  Eckerhart, 461 U.S. 424, 433 (1983); Serrano v. Priest, 20 Cal.3d

25  25, 48-49 (1977).  To determine the appropriate fee amount, the

26  court multiplies the number of hours reasonably expended in the

3

1 litigation by a reasonable hourly rate.   <u>Id</u>.

2                               **III.**

3                             **ANALYSIS**

4 **A.   PREVAILING PARTY**

5      The Supreme Court has articulated the standard for a finding

6 of "prevailing party" as whether the party has "succeed[ed] on any

7 significant issue in litigation which achieves some of the benefit

8 the parties sought in bringing suit."   <u>Hensley</u>, 461 U.S. at 433

9 (<u>citing</u> <u>Nadeau v. Helgemoe</u>, 581 F.2d 275, 278-279 (1st Cir. 1978)).

10 The Ninth Circuit, in discussing whether a party has achieved

11 "prevailing" status, has noted that a party can achieve that status

12 by establishing a "clear, causal relationship between the

13 litigation brought and the practical outcome realized."

14 <u>Rutherford v. Pitchess</u>, 713 F.2d 1416, 1419 (9th Cir. 1983)

15 (quoting <u>American Communist Party v. Munro</u>, 650 F.2d 184, 188 (9th

16 Cir. 1981).

17      Plaintiff brought suit against defendant for breach of two

18 guaranty agreements and as a result of the litigation, the court

19 concluded that defendant breached those agreements.   There is

20 clearly a causal relationship between the litigation brought and

21 the outcome achieved.   Accordingly, plaintiff is entitled to

22 attorney's fees as the prevailing party.

23 **B.   REASONABLE HOURLY RATE**

24      The appropriate hourly fee should be based on the rates

25 charged by counsel with similar experience, reputation, and skill

26 for similar cases in the legal community.   <u>See</u> <u>White v. City of</u>

                                   4

1   <u>Richmond</u>, 713 F.2d 458, 460 (9th Cir. 1985).  The burden is on the

2   fee applicant to produce satisfactory evidence that the requested

3   rates are in line with those in the prevailing community for

4   similar services by lawyers of comparable skill, experience, and

5   reputation.  <u>Blum v. Stenson</u>, 465 U.S. 886, 895, n.11 (1984).

6       Plaintiff's counsel, David E. Pinch, seeks $225.00 per hour

7   for work performed on this case.  Mr. Pinch has over nineteen years

8   of experience practicing commercial litigation law.  Pinch Dec. at

9   ¶ 6.  Duane M. Geck, a senior partner of the Severson & Werson law

10   firm, has over twenty years of commercial litigation experience.

11   Pinch Dec. at ¶ 7.  Plaintiff explains that the rate of $225 is a

12   discounted rate from the usual hourly rate charged by Mr. Pinch

13   ($275) and Mr. Geck ($395).  Pinch Dec. at ¶ 6-7.  Defendant

14   alleges that plaintiff has failed to provide adequate support that

15   the rates being requested by plaintiff's counsel are the prevailing

16   rates in the community.  Def.'s Opp'n at 2.  Instead, defendant

17   invites the court to "use its own knowledge of the relevant market"

18   to determine a reasonable hourly rate.  <u>Id.</u> at 3.

19       After considering counsel's legal experience, the court

20   determines that the rate of $225 adequately reflects the prevailing

21   hourly rate in the Sacramento area for similar work performed by

22   attorneys of comparable skill, experience and reputation.

23   Plaintiff has not tendered evidence as to comparable rates in the

24   Sacramento legal community, instead providing only evidence as to

25   the rate typically charged by Mr. Pinch and Mr. Geck.  The Ninth

26   Circuit has repeatedly held that "determination of a reasonable

1  hourly rate is not made by reference to the rates actually charged

2  [by] the prevailing party." Mendenhall v. NTSB, 213 F.3d 464, 471

3  (9th Cir. 2000)(quotations omitted).

4      Nevertheless, the rate sought by plaintiff more than comports

5  with fees awarded by this court in other cases. See, e.g., Johnson

6  v. Norman and Edith Hill Trust, No. Civ. S-04-699 (E.D. Cal. May

7  2006)(Karlton, J.)(awarding attorney with twenty seven years

8  experience in Sacramento $250 per hour); Healy v. MCI Worldcom

9  Network Services, Inc., No. Civ. S-02-1575 (E.D. Cal. Mar. 2006)

10  (Karlton, J.)(awarding attorney with thirty years experience in

11  Sacramento $325 per hour); Asberry v. City of Sacramento, No. Civ.

12  S-01-2343 (E.D. Cal. Apr. 2004) (Karlton, J.)(awarding attorney

13  with fifteen years of experience in Sacramento $275-$325 per hour).

14  The court therefore calculates the lodestar figure based on the

15  hourly rate of $225.[2]

16  **C.   REASONABLENESS OF HOURS BILLED**

17      Plaintiff seeks to recover attorney fees for a total of 257.8

18  hours expended in the litigation.[3]  In arriving at the lodestar

19  figure, the district court should exclude hours that are

20  _____

21      [2]  Plaintiff also seeks to recover attorney fees for 7.7 hours
   of work by Catherine Stark at a rate of $225 per hour. Pinch Dec.
22  at ¶¶ 5, 9. Plaintiff's declaration, however, is silent as to Ms.
   Stark's legal experience.  Since plaintiff has failed to meet its
23  burden of proof as to Ms. Stark's experience, the court declines
   to award attorney's fees for the 7.7 hours she allegedly spent on
24  the case.

25      [3]  Plaintiff's motion requests attorney's fees for 265.5 hours
   spent on the litigation.  Deducting 7.7 hours for the work billed
26  by Ms. Stark, the court arrives at 257.8 hours.

1  "excessive, redundant, or otherwise unnecessary . . . ." <u>Hensley</u>,

2  461 U.S. at 434.

3      Defendant raises several objections to the amount of hours

4  plaintiff's counsel seeks to recover in fees.  First, defendant

5  asserts that an attorney's fee award must be apportioned and that

6  plaintiff should not recover for time spent defending certain

7  counterclaims filed by Daugherty and DLMI.  Def.'s Opp'n at 4.

8  Defendant points out that the terms of the guaranty agreement allow

9  for reasonable attorneys' fees and expenses incurred "in

10  enforcement of the Security Documents," and implies that attorneys'

11  fees can be sought only for such enforcement.  Beyer Dec., Ex. E.

12  Apportionment is not required where claims are "inextricably

13  interwined, making it impracticable, if not impossible, to separate

14  the multitude of conjoined activities into compensable or

15  noncompensable time units."  <u>Abdallah v. United Sav. Bank</u>, 43

16  Cal.App.4th 1101, 1111 (1996) (citations and quotations omitted).

17  The decision to apportion claims are within the discretion of the

18  court.  <u>Hubbard v. Twin Oaks Health and Rehabilitation Center</u>, 406

19  F.Supp.2d 1096, 1100 (E.D. Cal. 2005)(Karlton, J.).

20      It would be impracticable for the court to apportion the fees

21  in this case because plaintiff's claims and defendant's

22  counterclaims all arise out of the same set of facts and involve

23  the same guaranty agreement.  Plaintiff alleged in its complaint

24  that defendant breached the guaranty agreement.  Defendant

25  counterclaimed that it was plaintiff who was in breach of the

26  guaranty agreement.  Defendant's remaining counterclaims against

7

1   plaintiff all arose out the consequences of the alleged breach by

2   plaintiff.   In short, both parties were relying on the guaranty

3   agreement in order to secure relief.  <u>See</u> Beyer Dec., Ex. E.

4   Consequently no apportionment is necessary or practicable as the

5   claims are "inextricably intertwined."  <u>Abdallah</u>, 43 Cal.App.4th

6   at 1111.

7        Second, defendant asserts that invoices submitted by plaintiff

8   are vague as to how much time was spent on each specific claim and

9   that some of the invoices are redacted and do not explain what a

10  fee for "legal research" was specifically for or about.   Def.'s

11  Opp'n at 3-4.  As noted above, the claims and counterclaims were

12  so "inextricably intertwined" that apportionment would be

13  impracticable.  <u>Abdallah</u>, 43 Cal.App.4th at 1111.  While the

14  guaranty agreement itself provides for attorney's fees incurred as

15  a result of enforcing the rights under the agreement, all of

16  plaintiff's alleged subsequent injuries were suffered as a result

17  of the breach of the guaranty agreement.  The court ultimately

18  granted summary judgment on all of plaintiffs claims.  Therefore,

19  all legal work performed by plaintiff's counsel was to enforce the

20  guaranty agreements, efforts for which plaintiff was ultimately

21  successful.

22       Finally, defendant argues that the amount of hours plaintiff

23  claims to have spent on the litigation is excessive.  Def.'s Opp'n

24  at 4.   An examination of Mr. Pinch's papers, declaration, and

25  accompanying billing records leads the court to draw the conclusion

26  that 257.8 hours is a reasonable amount of hours spent under the

circumstances.   While  defendant  objects  to  the  amount  of  hours
spent  on  the  litigation,  he  cannot  point  to  specific  examples  of
work that took an unreasonable amount of time.   This litigation has
been  ongoing  for  nearly  two  years  and  involved  numerous  amended
complaints,  answers,  and  counterclaims.   Additionally,  plaintiff
filed motions to compel, dismiss and a successful motion for
summary judgment.  Accordingly, 257.8 hours of work plaintiff spent
on  the  litigation  is  reasonable.

**D.   BILL OF COSTS**

Plaintiff  requests  $644.68  for  costs  related  to  this  suit.
Specifically,  plaintiff  requests  a  $150  filing  fee,  $308.63  paid
to Attorney's Diversified Services for serving defendant and
$186.05 in court reporter fees for the transcript of a deposition.
Plaintiff  has  tendered  to  the  court  invoices  evidencing  these
costs.   Because these expenses are taxable pursuant to 28 U.S.C.
§ 1920, the court shall award plaintiff this requested amount.[4]

---

[4]   28 U.S.C. § 1920 states:

A judge or clerk of any court of the United States may tax as costs
the following:
  1.   Fees of the clerk and marshal;
  2.   Fees of the court reporter for all or any part of the
       stenographic transcript necessarily obtained for use in
       the case;
  3.   Fees and disbursements for printing and witnesses;
  4.   Fees  for  exemplification  and  copies  of  papers
       necessarily obtained for use in the case;
  5.   Docket fees under section 1923 of this title;
  6.   Compensation of court appointed experts, compensation of
       interpreters, and salaries, fees, expenses, and costs of
       special interpretation services under section 1828 of
       this title.
A bill of costs shall be filed in the case and, upon allowance,
included in the judgment or decree.

1                              **IV.**

2                          **CONCLUSION**

3       Accordingly, plaintiff's counsel is AWARDED attorney's fees

4   and costs in the amount of $58,649.68.[5]

5       IT IS SO ORDERED.

6       DATED: July 18, 2006.

7                          _____
                           LAWRENCE K. KARLTON

8                          SENIOR JUDGE
                           UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16   _____

17       [5]   The amount is based on those fees sufficiently documented

18   by plaintiff's counsel as follows:

    **Attorney's Fees**
19                        **Hours**         **Rate**          **Total**
    David Pinch           231.4            $225/hr          $52,065.00
20   Duane Geck            26.4             $225/hr            5,940.00
    Costs & Expenses                                            644.68
21                                                          **$58,649.68**

22       Defendant points out that the guaranty on the wholesale

23   agreement limits attorneys' fees to "15% of the amount then owing
    by Dealer, if permitted."  Beyer Dec., Ex. D.  Defendant argues
    that the amount recoverable by plaintiff for breach of that

24   guaranty should be limited based on this contractual clause.
    Def.'s Opp'n at 5.  Since there was more than one agreement at

25   issue, and since none of the other agreements specify any sort of
    limit, those agreements can support the award even with the 15%

26   limit set forth in the wholesale agreement.

                                  10